UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRADLEY BURNELL BRIGHT**                                          **CIVIL ACTION**

**VERSUS**                                                                              **NO. 21-880**

**DEPUTY LIBERATO, ET AL.**                                          **SECTION: "I"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Bradley Burnell Bright, filed this federal civil rights complaint pursuant to 42 U.S.C. § 1983. In this lawsuit, he claims that excessive force was used against him.

In his complaint, plaintiff alleged that he was a pretrial detainee incarcerated at the Plaquemines Parish Detention Center ("PPDC"). Therefore, after the defendants filed an answer, the Court scheduled a preliminary conference in the case and ordered the PPDC's warden to produce plaintiff for that conference.[1] However, on January 31, 2022, a jail official notified the Court that the warden was unable to comply with that order because plaintiff was no longer incarcerated that the PPDC. Therefore, the preliminary conference was canceled.[2] The Court has since been unable to reschedule the conference because, as explained below, plaintiff's whereabouts are unknown.

Plaintiff provided no alternate address in the complaint, and he has failed to notify the Court of his current address despite being released or transferred from the PPDC more than two months ago. That failure is a direct violation of this Court's Local Rules, which expressly provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1. Moreover, it is clear that plaintiff was in

---

[1] Rec. Doc. 18.
[2] Rec. Doc. 19.

fact aware of that obligation, in that his complaint included the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[3]

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding pro se, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, plaintiff has not provided the Court with his current address despite being aware of his obligation to do so. Due solely to his failure, his whereabouts are unknown, and this Court has no way to contact him to reschedule the preliminary conference or to otherwise advance his case on the docket. Accordingly, his complaint should be dismissed for failure to prosecute.

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

---

[3] Rec. Doc. 4, p. 5.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __1st__ day of April, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**